UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PEGGY O'NEILL and KELLY O'NEILL, | : <br> : <br> : Civil Action No. 3:15-cv-01069-CSH <br> : <br> : <br> : October 13, 2015 <br> : <br> : <br> : <br> : <br> : <br> : |
| Plaintiffs, | |
| v. | |
| COUNTRY MOTORS II, INC. d/b/a BOB'S BUICK GMC OF MILFORD and EXETER FINANCE CORP., | |
| Defendants. | |

**ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIM OF DEFENDANT EXETER FINANCE CORP.**

Defendant Exeter Finance Corp. ("Exeter"), by and through its undersigned counsel, hereby answers the Complaint of Plaintiffs, Peggy O'Neill and Kelly O'Neill ("Plaintiffs"), and asserts affirmative defenses and counterclaims as follows:

**I. AS TO "INTRODUCTION"**

1.  It is admitted only that Plaintiffs filed this lawsuit and seek to recover damages from Defendants Country Motors II, Inc. d/b/a Bob's Buick GMC of Milford ("Country Motors") and Exeter, for purported violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), the Credit Repair Organization Act, 15 U.S.C. § 1679 et seq. ("CROA"), the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a et seq. ("CUTPA"), Connecticut Retail Installment Sales Finance Act, Conn. Gen. Stat. § 36a-770 et seq. ("RISFA"), and the Connecticut Creditors' Collection Practices Act, Conn. Gen. Stat. § 36a-645 et seq. ("CCPA"). The remaining allegations in this paragraph are conclusions of law to which no response is required. To the extent that the allegations in this paragraph are deemed to be factual

in nature, Exeter responds as follows:  Denied that Exeter violated any federal or state statutes which comprise the basis for the relief sought by Plaintiffs.

## II.  AS TO "PARTIES"

2. Admitted, upon information and belief.

3. Admitted, upon information and belief.

4. Admitted, upon information and belief.

5. Denied as stated.  Rather, Exeter is an automobile finance company incorporated under the laws of the State of Texas and with a principal place of business located at 222 West Las Colinas Boulevard, Irving, Texas 75039.

## III.  AS TO "JURISDICTION"

6. The allegations set forth in this paragraph constitute conclusions of law to which no response is required.

7. It is admitted only that, upon information and belief, Country Motors conducts business in the State of Connecticut.  The remaining allegations set forth in this paragraph constitute conclusions of law to which no response is required.

8. It is admitted only that Exeter conducts business in the State of Connecticut.  The remaining allegations set forth in this paragraph constitute conclusions of law to which no response is required.

9. It is admitted only that, upon information and belief, Plaintiffs reside in the State of Connecticut.  The remaining allegations set forth in this paragraph constitute conclusions of law to which no response is required.

## IV.  AS TO "FACTUAL ALLEGATIONS"

10. Exeter is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, they are denied.

11. Exeter is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, they are denied.

12. Exeter is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, they are denied.

13. Exeter is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, they are denied.

14. Exeter is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, they are denied.

15. The allegations in this paragraph refer to a written document which speaks for itself, and any characterizations inconsistent with its terms are denied.

16. Denied.  Rather, the loan application signed by Plaintiffs listed the NADA Retail Value of the Vehicle as $15,200.00.

17. Admitted.

18. Denied.

19. Denied.

20. The allegations concerning the amount of Plaintiff's down payment reflected in the Retail Installment Contract refer to a written document which speaks for itself, and any characterizations inconsistent with its terms are denied.  Exeter is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph; therefore, they are denied.

21. Exeter is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, they are denied.

22. Exeter is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, they are denied.

23. Exeter is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, they are denied.

24. Exeter is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, they are denied.

25. Exeter is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, they are denied.

26. To the extent the allegations of this paragraph refer to a credit application submitted to Exeter, the credit application is a written document which speaks for itself, and any characterizations inconsistent with its terms are denied. Further responding, Exeter is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph; therefore, they are denied.

27. To the extent the allegations of this paragraph refer to a written list of references submitted to Exeter, the list of references is a written document which speaks for itself, and any characterizations inconsistent with its terms are denied. Further responding, Exeter is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph; therefore, they are denied.

28. Denied as stated. Rather, following Plaintiffs purchase of the Vehicle and their execution of the Contract, Country Motors assigned the Contract to Exeter.

29. The allegations set forth in this paragraph constitute conclusions of law to which no response is required. To the extent that the allegations in this paragraph are deemed to be factual in nature, Exeter responds as follows: Exeter is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, they are denied.

30. The allegations set forth in this paragraph constitute conclusions of law to which no response is required. To the extent that the allegations in this paragraph are deemed to be factual in nature, Exeter responds as follows: The allegations set forth in this paragraph are hypothetical, and are therefore denied. Further responding, Exeter is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, they are denied.

31. The allegations set forth in this paragraph constitute conclusions of law to which no response is required. To the extent that the allegations in this paragraph are deemed to be factual in nature, Exeter responds as follows: Denied as to Exeter. Further responding, Exeter is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they relate to Country Motors; therefore, they are denied.

32. Admitted.

33. Exeter is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, they are denied.

34. Exeter is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, they are denied.

35. Denied.

36. Denied as stated. Plaintiffs made one monthly payment on September 12, 2014. It is admitted that the vehicle was thereafter repossessed due to Plaintiffs' failure to make any more payments.

37. Denied.

38. The allegations of this paragraph refer to a written document which speaks for itself, and any characterizations inconsistent with its terms are denied. Further responding, Exeter complied with all statutory and notice requirements concerning disposition of the Vehicle.

## V. AS TO "CAUSES OF ACTION"

### A. TRUTH IN LENDING ACT

39. Exeter incorporates by reference its responses to the foregoing paragraphs 1 through 38 as if fully set forth at length herein.

40. The allegations of this paragraph are not directed toward Exeter; therefore, no response is required. To the extent a response is required, Exeter responds as follows: The allegations set forth in this paragraph constitute conclusions of law to which no response is required. To the extent that the allegations in this paragraph are deemed to be factual in nature, they are denied.

41. The allegations of this paragraph are not directed toward Exeter; therefore, no response is required. To the extent a response is required, Exeter responds as follows: The allegations set forth in this paragraph constitute conclusions of law to which no response is required. To the extent that the allegations in this paragraph are deemed to be factual in nature, they are denied.

42. The allegations of this paragraph are not directed toward Exeter; therefore, no response is required. To the extent a response is required, Exeter responds as follows: The

allegations set forth in this paragraph constitute conclusions of law to which no response is required. To the extent that the allegations in this paragraph are deemed to be factual in nature, they are denied.

43. The allegations of this paragraph are not directed toward Exeter; therefore, no response is required. To the extent a response is required, Exeter responds as follows: The allegations set forth in this paragraph constitute conclusions of law to which no response is required. To the extent that the allegations in this paragraph are deemed to be factual in nature, they are denied.

44. The allegations of this paragraph are not directed toward Exeter; therefore, no response is required. To the extent a response is required, Exeter responds as follows: The allegations set forth in this paragraph constitute conclusions of law to which no response is required. To the extent that the allegations in this paragraph are deemed to be factual in nature, they are denied.

### B. CREDIT REPAIR ORGANIZATION ACT

45. Exeter incorporates by reference its responses to the foregoing paragraphs 1 through 38 as if fully set forth at length herein.

46. The allegations of this paragraph are not directed toward Exeter; therefore, no response is required. To the extent a response is required, Exeter responds as follows: The allegations set forth in this paragraph constitute conclusions of law to which no response is required. To the extent that the allegations in this paragraph are deemed to be factual in nature, they are denied.

47. The allegations of this paragraph are not directed toward Exeter; therefore, no response is required. To the extent a response is required, Exeter responds as follows: The

allegations set forth in this paragraph constitute conclusions of law to which no response is required. To the extent that the allegations in this paragraph are deemed to be factual in nature, they are denied.

## C. CONNECTICUT UNFAIR TRADE PRACTICES ACT

48. Exeter incorporates by reference its responses to the foregoing paragraphs 1 through 38 as if fully set forth at length herein.

49. The allegations of this paragraph are not directed toward Exeter; therefore, no response is required. To the extent a response is required, Exeter responds as follows: The allegations set forth in this paragraph constitute conclusions of law to which no response is required. To the extent that the allegations in this paragraph are deemed to be factual in nature, they are denied.

50. The allegations of this paragraph are not directed toward Exeter; therefore, no response is required. To the extent a response is required, Exeter responds as follows: The allegations set forth in this paragraph constitute conclusions of law to which no response is required. To the extent that the allegations in this paragraph are deemed to be factual in nature, they are denied.

51. The allegations of this paragraph are not directed toward Exeter; therefore, no response is required. To the extent a response is required, Exeter responds as follows: The allegations set forth in this paragraph constitute conclusions of law to which no response is required. To the extent that the allegations in this paragraph are deemed to be factual in nature, they are denied.

52. The allegations of this paragraph are not directed toward Exeter; therefore, no response is required. To the extent a response is required, Exeter responds as follows: The

allegations set forth in this paragraph constitute conclusions of law to which no response is required. To the extent that the allegations in this paragraph are deemed to be factual in nature, they are denied.

### D. REVOCATION OF ACCEPTANCE/RESCISSION OF THE CONTRACT

53. Exeter incorporates by reference its responses to the foregoing paragraphs 1 through 38 as if fully set forth at length herein.

54. Admitted.

55. Denied.

56. The allegations set forth in this paragraph constitute conclusions of law to which no response is required. To the extent that the allegations in this paragraph are deemed to be factual in nature, they are denied.

57. The allegations set forth in this paragraph constitute conclusions of law to which no response is required. To the extent that the allegations in this paragraph are deemed to be factual in nature, they are denied.

### E. LIABILITY OF EXETER

58. Exeter incorporates by reference its responses to the foregoing paragraphs 1 through 57 as if fully set forth at length herein.

59. The allegations set forth in this paragraph constitute conclusions of law to which no response is required. To the extent that the allegations in this paragraph are deemed to be factual in nature, they are denied.

60. The allegations set forth in this paragraph constitute conclusions of law to which no response is required. To the extent that the allegations in this paragraph are deemed to be factual in nature, they are denied.

### F. RISFA CLAIM AGAINST EXETER

61. Exeter incorporates by reference its responses to the foregoing paragraphs 1 through 38 as if fully set forth at length herein.

62. The allegations set forth in this paragraph constitute conclusions of law to which no response is required. To the extent that the allegations in this paragraph are deemed to be factual in nature, they are denied.

### G. CCPA CLAIM AGAINST EXETER

63. Exeter incorporates by reference its responses to the foregoing paragraphs 1 through 38 as if fully set forth at length herein.

64. Denied.

65. The allegations set forth in this paragraph constitute conclusions of law to which no response is required. To the extent that the allegations in this paragraph are deemed to be factual in nature, they are denied.

### H. UCC CLAIM AGAINST EXETER

66. Exeter incorporates by reference its responses to the foregoing paragraphs 1 through 38 as if fully set forth at length herein.

67. The allegations set forth in this paragraph constitute conclusions of law to which no response is required. To the extent that the allegations in this paragraph are deemed to be factual in nature, they are denied.

WHEREFORE, Exeter demands judgment in its favor on Plaintiffs' claims, together with such other relief to which it is entitled.

### **AFFIRMATIVE DEFENSES**

Exeter hereby asserts the following affirmative defenses to Plaintiffs' Complaint:

### First Defense

The Complaint fails to set forth any claim upon which relief may be granted.

### Second Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver, and estoppel.

### Third Defense

Plaintiffs' damages are the result of acts or omissions committed by other parties over whom Exeter has no responsibility or control

### Fourth Defense

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs did not sustain any loss.

### Fifth Defense

Plaintiffs' own acts constitute a superseding, intervening cause of their damages, injuries and losses.

### Sixth Defense

No action or inaction on the part of Exeter, its agents, servants, employees, or representatives caused or contributed in any manner to the damages, injuries, and losses alleged in Plaintiffs' Complaint.

### Seventh Defense

The claims in the Complaint are barred and/or limited by the terms of the retail installment sales contract.

### Eighth Defense

Exeter did not breach any duty owed to Plaintiffs.

### Ninth Defense

Under the FTC Holder Rule, Plaintiffs' recovery against Exeter is strictly limited to any amounts they paid under the retail installment sales contract.

### Tenth Defense

Plaintiffs' claims are barred and/or diminished to the extent that they failed to take proper and reasonable steps to avoid or to mitigate the damages alleged.

### Eleventh Defense

Plaintiffs do not have any actual damages and/or ascertainable losses.

### Twelfth Defense

Exeter is not liable for Plaintiffs' claims, in whole or in part, because of the doctrines of set-off and/or recoupment.

### Thirteenth Defense

Exeter reserves its right to assert additional defenses that may become available during the course of its continuing investigation and discovery in this case.

WHEREFORE, Exeter demands judgment in its favor on Plaintiffs' claims, together with such other relief to which it is entitled.

### COUNTERCLAIM

1. By way of counterclaim, Peggy O'Neill and Kelly O'Neill ("Borrowers") entered into a retail installment sales contract (the "RISC") with Country Motors II, Inc. d/b/a Bob's Buick Pontiac GMC of Milford ("Country Motors"), which was assigned to Exeter.

2. Under the RISC, Borrowers agreed to make payments to Exeter to finance the purchase of the 2012 Chrysler 200 (VIN#1C3CCBAB2CN318987) (the "Vehicle").

   3. Borrowers defaulted under the terms of the RISC by failing to make the required payments to Exeter.

   4. As a result, Exeter repossessed and sold the Vehicle at auction.

   5. Following the auction, a deficiency balance of $8,056.11 remains owing to Exeter under the RISC, for which Borrowers are contractually obligated.

   6. Borrowers have refused to pay the remaining deficiency balance.

   7. Borrowers have breached the RISC by failing to pay the due and owing deficiency balance.

   8. Therefore, Exeter demands judgment in its favor and against Borrowers in the amount of $8,056.11.

   WHEREFORE, Exeter demands judgment in its favor and against Peggy O'Neill and Kelly O'Neill in the amount of $8,056.11.

          DEFENDANT/COUNTERCLAIM PLAINTIFF,
          EXETER FINANCE CORP.

           BY: */s/ Scott H. Bernstein*_____
           Scott H. Bernstein, Esquire
           Stradley Ronon Stevens & Young, LLP
           100 Park Avenue, Suite 3210
           New York, NY 10017
           (212) 812-4132
           Federal Bar No. 27632
           sbernstein@stradley.com

           *Attorneys for Defendant-Counterclaimant,*
           *Exeter Finance Corp.*

## **CERTIFICATE OF SERVICE**

I, Scott H. Bernstein, hereby certify that on October 13, 2015, I caused the foregoing Answer, Affirmative Defenses, and Counterclaim to be electronically filed via the Court's ECF system. The foregoing document is available for viewing and downloading from the PACER system. Electronic notice of this filing was sent to all counsel of record.

Served by regular mail, postage prepaid is as follows:

Consumer Law Group
35 Cold Spring Road, Suite 512
Rocky Hill, CT 06067
(Attorney for Plaintiffs)

*/s/ Scott H. Bernstein*
Scott H. Bernstein